IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK HARVEY,<br><br>*Petitioner,*<br><br>v.<br><br>ERIC ARMEL, et al.,<br><br>*Respondents.* | Case No. 2:22-cv-03766-JDW |

### MEMORANDUM

Derrick Harvey objects to Magistrate Judge Scott W. Reid's Report and Recommendation ("R&R"), which recommends that I dismiss his Petition for a Writ of Habeas Corpus ("Petition"). The R&R also recommends that I decline to issue a certificate of appealability because he has not made a substantial showing of the denial of a constitutional right. I will adopt Judge Reid's R&R because, after review, I conclude that the R&R identifies the issues Mr. Harvey raised in his Petition, cites the correct standard of review, and applies that standard to the facts. I address Mr. Harvey's objections below.

I.  **BACKGROUND**

The factual background is undisputed.[1] For the purposes of this opinion, I adopt the factual recitation and procedural history in Judge Reid's R&R. In 1998, when he was

---

[1] The facts and procedural history come from the Pennsylvania Superior Court decision. *Commonwealth v. Harvey*, 266 A.3d 614 (Pa. Super. Ct. Oct. 7, 2021).

16, a jury convicted Derrick Harvey of first-degree murder, attempted murder, and related offenses. In 1999, the court sentenced him to death for the murder, and to concurrent terms for attempted murder (10–20 years), robbery (10–20 years), and weapons possession (2–4 years). The court vacated his death sentence, and in 2003 he was resentenced to life without parole for murder.

After the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), Mr. Harvey challenged his life without parole sentence. The PCRA court vacated his sentence in 2018 and imposed a term of 20 years to life for the murder and 10–20 years for attempted murder, served consecutively. Mr. Harvey received time credit on the murder sentence but not on the attempted murder sentence.

After procedural delays, the court allowed Mr. Harvey to challenge his new sentence. He argued that the new consecutive term for attempted murder violated double jeopardy, that he was not credited for time already served, and that the judicially created sentencing scheme applied at resentencing violated separation of powers and due process. The Pennsylvania Superior Court rejected his arguments in 2021, and the Pennsylvania Supreme Court denied review in 2022. *Commonwealth v. Harvey*, 266 A.3d 614 (Pa. Super. Ct. 2021); *Commonwealth v. Harvey*, 277 A.3d 552 (Pa. 2022).

Mr. Harvey filed this habeas petition *pro se* in September 2022. The case was assigned to Magistrate Judge Reid, who appointed counsel and received briefing. On

October 7, 2024, Judge Reid recommended denying relief. Mr. Harvey filed objections in December 2024. The Commonwealth responded, and Mr. Harvey replied in March 2025.

## II.   LEGAL STANDARD

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress limited federal courts' power to grant a writ of habeas corpus. If a state courts adjudicated on the merits claims that a petitioner raises in a federal habeas petition, then a federal court may not grant habeas relief unless the adjudication either (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

## III.   DISCUSSION

### A.   Double Jeopardy

The double jeopardy clause of the Fifth Amendment of the United States Constitution, which applies to the states through the Fourteenth Amendment, provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. It protects against (1) successive prosecutions for the same offense after acquittal; (2) successive prosecutions after conviction; and (3) multiple criminal punishments for the same offense. *Monge v. California*, 524 U.S. 721, 727–28 (1998); *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by*

3

*Alabama v. Smith*, 490 U.S. 794 (1989). Thus, imposing the same penalty twice for a single offense without giving credit for the portion of a sentence already satisfied violates the double jeopardy clause. *United States v. Norwood*, 49 F.4th 189, 210 (3d Cir. 2022).

Pennsylvania Courts and the Court of Appeals for the Third Circuit both recognize the "sentencing-package" doctrine, where a judge adjusts the sentencing on every conviction if a single conviction is overturned. *United States v. Grant*, 9 F.4th 186, 200 (3d Cir. 2021); *Commonwealth v. Bartrug*, 732 A.2d 1287, 1289 (Pa. Super. 1999). Neither the Supreme Court nor the Third Circuit has addressed whether the sentencing package doctrine applies if a sentence, but not a conviction, is overturned on appeal. However, the Third Circuit has hinted that the doctrine would apply in the context of a vacated sentence, as well. *See Norwood*, 49 F.4th at 202–03.

When the trial court resentenced Mr. Harvey, it did not violate clearly established federal law, nor did the Pennsylvania Superior Court violate clearly established law when it affirmed the sentence. When the trial court sentenced Mr. Harvey the first time, it imposed a life sentence. As a practical matter, no sentence lasts longer than life. When the trial court imposed a concurrent sentence on Mr. Harvey for attempted murder, the trial court presumably understood that the overall effect of the sentence was that Mr. Harvey would spend the rest of his life in prison. The decisions in *Miller* and *Montgomery* changed that calculus because Mr. Harvey would not spend the rest of his life in prison for the murder conviction.

No clearly established provision of federal law prohibited the trial court from restructuring Mr. Harvey's sentence in light of the change in legal landscape. Neither the Supreme Court nor the Third Circuit has held that the Fifth Amendment bars application of the doctrine in a situation involving a vacated sentence. Therefore, there's no basis to conclude that the Pennsylvania courts violated clearly established federal law in applying the doctrine. None of Mr. Harvey's arguments persuades me otherwise.

*First*, Mr. Harvey argues that the sentencing package doctrine only applies in cases involving an overturned conviction. But Mr. Harvey reads too much into past decisions. Courts have applied the doctrine in cases involving overturned convictions, and therefore those courts have referenced convictions in describing the doctrine. *See, e.g., Grant*, 9 F.4th at 200. But none of those courts has considered the question of whether the doctrine could also apply in the context of an overturned sentence. Those decisions do not foreclose the possibility that the doctrine also applies in a case like this, in which a sentence was overturned.

*Second*, Mr. Harvey contends the sentencing-package doctrine can't apply because Mr. Harvey's murder and attempted murder sentences are not interdependent. *See United States v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010). But *Miller* is a case arising under the U.S. Sentencing Guidelines, which often groups counts together. It does not go so far as to say that any time any case under state law involves charges with separate elements, the sentencing package doctrine cannot apply. Nor does any other case that Mr. Harvey cites,

5

or that I have found, go so far. Even if the federal rules require interdependence to apply the sentencing-package doctrine in cases arising under the Guidelines, it's not clear that the Constitution does. *See, e.g.*, *Commonwealth v. McHale,* 924 A.2d 664, 673 (Pa. Super. Ct. 2007), *overruled on other grounds by Commonwealth v. Robinson,* 931 A.2d 15 (Pa. Super. Ct. 2007) (en banc); *Commonwealth v. Wolfe,* 140 A.3d 651, 663 n.7 (Pa. 2016). Because the state of the law leaves room for uncertainty on this point, the Superior Court did not violate clearly established federal law in Mr. Harvey's case.

*Third*, and finally, Mr. Harvey argues that, regardless of the sentencing package doctrine, the Fifth Amendment required the state court to credit the time he spent in prison against his sentence for attempted murder because that sentence was running concurrently before the sentence on the murder count was vacated. Again, neither the Supreme Court nor the Third Circuit has addressed this question in the situation where one constituent sentence has been reversed. Other circuits have, though. The First Circuit has held that "a defendant has no legitimate expectation of finality for double-jeopardy purposes even where she served the entirety of a constituent sentence in a sentencing package." *United States v. Brown*, 26 F.4th 48, 61 (1st Cir. 2022) (collecting cases), *cert. denied*, 143 S. Ct. 238 (2022). A majority of other circuits have reached similar conclusions. *See, e.g., United States v. Triestman*, 178 F.3d 624, 631–32 (2d Cir. 1999) (Sotomayor, J.); *United States v. Smith*, 115 F.3d 241, 247 (4th Cir. 1997); *United States v. Benbrook*, 119 F.3d 338, 340–41 (5th Cir. 1997); *Pasquarille v. United States*, 130 F.3d 1220, 1222–23 (6th

6

Cir. 1997); *United States v. McClain*, 133 F.3d 1191, 1192–94 (9th Cir. 1998); *United States v. Easterling*, 157 F.3d 1220, 1223–24 (10th Cir. 1998); *United States v. Townsend*, 178 F.3d 558, 569–70 (D.C. Cir. 1999). Given these holdings, it seems nigh impossible that the Superior Court failed to apply clearly established federal law.

Nonetheless, Mr. Harvey argues that the principles that the Supreme Court established in two cases, *Ex parte Lange*, 85 U.S. 163 (1873) and *Pearce*, clearly establish federal law to the contrary. But neither case is a direct analogue. *Ex parte Lange* addresses imposing a second sentence after the defendant completed an unauthorized punishment. 85 U.S. at 175–76. *Pearce* is a closer analogue but still misses the mark. That case involved punishment for the same offense without credit for prior custody. 395 U.S. at 718. But here, after Mr. Harvey's life sentence was vacated, the sentencing court imposed a sentence of 20 years to life for the murder count. For the attempted murder, the court imposed a sentence of 10 to 20 years' imprisonment, served consecutively to the murder conviction. The court credited Mr. Harvey with time served on the murder sentence but not the attempted murder term. Although Mr. Harvey may want the credit to apply to his attempted murder sentence, the sentencing court's decision does not mean it ignored or failed to apply credit for time served. *Pearce* therefore does not mandate a different conclusion, particularly when seven courts of appeals have reached a different conclusion since the decision in *Pearce*.

Mr. Harvey's arguments about the sentencing package doctrine, and about double jeopardy more generally, might be right. But that's not the question before me. Under AEDPA, I only have to decide if there's room for doubt about his arguments, such that the state courts' decisions did not violate or constitute an unreasonable application of clearly established federal law. Given the uncertainty (to say the least) about these issues, Judge Reid's conclusions are correct, and I will overrule Mr. Harvey's objections.

**B.     Due Process**

Following *Montgomery*, the Pennsylvania General Assembly did not enact a statute setting forth sentencing limits for juveniles sentenced to murder before 2012, even though *Miller* rendered the then-existing statute unconstitutional. In 2017, the Pennsylvania Supreme Court decided *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) (*Batts II*), which held that Pennsylvania courts should apply 18 Pa.C.S.A. § 1102.1(a) to sentence juveniles convicted of murder prior to 2012, even though on its face Section 1102.1(a) only applies to individuals convicted after June 24, 2012. *See Batts II*, 163 A.3d at 444. Mr. Harvey repeats in his objections the same two arguments that he made to Judge Reid, but neither succeeds.

*First*, Mr. Harvey argues that his new murder sentence violated due process because no statute authorized the sentencing scheme that the Pennsylvania Supreme Court adopted in *Batts II*, so there has been a violation of separation of powers. Judge Reid held that the Constitution does not require the states to observe separation of

8

powers requirements, citing Judge Goldberg's decision in *Sourbeer v. Ferguson*, Civ. A. No. 18-4089, 2022 WL 2346967, *4–6 (E.D. Pa. May 25, 2022), *approved and adopted*, 2022 WL 2343347 (E.D. Pa. June 28, 2022). I agree.

Mr. Harvey has not pointed to a single case that holds that the Due Process Clause requires state to observe any particular separation of powers. Mr. Harvey points to several provisions of Pennsylvania's Statutory Construction Act to argue that *Batts II* created a constitutional violation. But the argument proves its flaw. Maybe Mr. Harvey is right, but if he is, it establishes a violation of Pennsylvania law, not of federal law. Mr. Harvey has not shown that the Due Process Clause applies to this particular violation of Pennsylvania law (if, indeed, there is one).

*Second*, Mr. Harvey argues that because the Pennsylvania Superior Court has held that *Batts II* does not apply retroactively to individuals whose sentences were final and on collateral review, like his. *See Commonwealth v. Stahley*, 201 A.3d 200, 213 (Pa. Super. Ct. 2018). There are several problems with that argument. Although Pennsylvania courts have adopted federal standards of retroactivity, they have done so as a matter of Pennsylvania state law. Thus, while the decision in *Stahley* relies on federal legal principles, it does so as a matter of Pennsylvania law. Mr. Harvey has not shown that a decision at odds with *Stahley* violates the Due Process Clause.

In any event, Mr. Harvey has not shown that the Superior Court violated *Stahley* when it decided his case. *Stahley* held that *Batts II* was not retroactive with respect to

procedural protections, like the presumption that juvenile offenders are not incorrigible. 201 A.3d at 220. It did not—as Mr. Harvey contends—hold that *Batts II* or Section 1102.1 could not apply retroactively at all. In addition, *Stahley* is a holding of state law. It does not clearly establish federal law, even if it relies on federal law principles to reach its conclusion.

Mr. Harvey's "central thesis" is that there is no valid Pennsylvania law outlining what sentence he should receive for his murder conviction. That is wrong. And, in any event, he has not pointed to any clearly established federal law that supports that central thesis. Therefore, § 2254(d) forecloses relief.

## IV.   CONCLUSION

Mr. Harvey's objections lack merit. I will approve and adopt Judge Reid's R&R and overrule those objections. In addition, although Mr. Harvey's arguments are well-made, I will not issue a certificate of appealability because reasonable jurists would not debate the procedural aspects of this ruling, nor has Mr. Harvey made a substantial showing of the denial of a constitutional right. An appropriate Order follows.

                 **BY THE COURT:**

                 */s/ Joshua D. Wolson*
                 JOSHUA D. WOLSON, J.

August 22, 2025